**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0569n.06

No. 15-5453

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 13, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| LORENZA JACKSON, aka Lorenzo | ) | District of Tennessee |
| Jackson, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

**Before: GUY, BOGGS, and GRIFFIN, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Lorenza Jackson, appeals the district court's order denying his motion to suppress evidence and its *sua sponte* admission of co-conspirator hearsay testimony. We affirm.

**I.**

Officer Robert Cook witnessed defendant traveling as a passenger without a seatbelt. Cook ran the car's license plate and found that its owner, Katie Miller, had an outstanding felony arrest warrant. Cook pulled Miller over and arrested her. He asked if she had any contraband, warning that "once she got out to the jail . . . it was a felony."

She replied that defendant stuffed something down her pants. Cook asked Miller what defendant stuffed down her pants, and she told him heroin.

While waiting for a female officer to arrive and search Miller, Cook asked defendant for his name, date of birth, and Social Security Number. Defendant said he had no identification, gave a false name, and "fumbled twice" over his SSN. Defendant continued to search around the car despite claiming he had no ID. Cook asked defendant to step out of the car and performed a pat down. Cook felt what he identified, based on its plain feel, to be a substantial amount of cash in defendant's pocket. Cook handcuffed defendant and temporarily detained him in an officer's car. Another officer found almost 50 grams of heroin, some packaged in capsules, on Miller. A drug dog alerted on Miller's car, where officers found scales, baggies, and empty capsules matching those found on Miller. Cook searched defendant incident to arrest and found nearly $4,000.

Miller admitted she was driving defendant around to sell heroin as she had done for the past month. She also stated that defendant and his brother, Christopher, stashed heroin and considerable cash at an apartment the brothers shared. A search of the home and an associated storage unit unearthed over $8,000 and around 280 grams of heroin. Officers arrested Cristopher, who pleaded guilty and agreed to testify against defendant.

A grand jury charged defendant with conspiring to distribute at least one kilogram of heroin, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and possession with intent to distribute heroin, 21 U.S.C. § 841(b)(1)(C). Defendant moved to suppress the cash officers seized from his person, arguing that Cook lacked reasonable suspicion to conduct

a pat down and that the cash was not obviously contraband. The district court denied the motion.

At trial, the government presented the testimony of Miller, Christopher, and various officers. Miller testified as to events on the day of defendant's arrest, while Christopher discussed the scope of the conspiracy. Defendant raised no objection to the co-conspirator witnesses or their testimony. However, the district court *sua sponte* stated that the government had presented "some evidence of statements that otherwise would have been considered to be offered under Rule 801(d)(2)(E) of the Federal Rules of Evidence," and found the government had demonstrated by a preponderance of the evidence that a conspiracy existed, defendant was a member of the conspiracy, and the statements at issue were made by his co-conspirators in furtherance of the conspiracy. Defendant again did not object. The jury found defendant guilty.

Defendant appeals the district court's denial of his motion to suppress and asserts error in its admission of his co-conspirators' testimony and Cook's hearsay testimony.

**II.**

In assessing the district court's denial of a motion to suppress, we review factual findings for clear error and conclusions of law *de novo*. *United States v. Quinney*, 583 F.3d 891, 893 (6th Cir. 2009). We may uphold the denial on any basis supported by the record. *United States v. Higgins*, 557 F.3d 381, 389 (6th Cir. 2009).

Because defendant did not object to the admission of co-conspirator testimony or Cook's alleged hearsay, we review the district court's admission of such testimony for

plain error affecting defendant's substantial rights.  FED. R. CRIM. P. 52(b); *accord*

*United States v. McConer*, 530 F.3d 484, 500 (6th Cir. 2008).  We may exercise our

"discretion to notice [such] error . . . only if . . . the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings."  *Johnson v. United States*,

520 U.S. 461, 467 (1997) (quotations omitted).

### III.

### a. Motion to Suppress

An officer may frisk a passenger if the officer has "reasonable suspicion that the

person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323,

327 (2009).  Though officers must have a "particularized and objective basis" for such

suspicion, *United States v. Cortez*, 449 U.S. 411, 417 (1981), they "need not be

absolutely certain that the individual is armed," *Terry v. Ohio*, 392 U.S. 1, 27 (1968).  We

consider "the totality of the circumstances" in evaluating the reasonableness of an

officer's suspicion*, Cortez*, 449 U.S. at 417, giving due weight to inferences the officer

draws in light of their "own experience and specialized training," *United States v. Arvizu*,

534 U.S. 266, 273 (2002).

Cook cited five factors he relied on to frisk defendant: (1) Miller's statement that

defendant put heroin in her pants; (2) defendant's extreme nervousness; (3) defendant's

use of a false name and hesitancy in giving his SSN; (4) defendant's unnecessary

movements searching the car after claiming he had no ID; and (5) Cook's experience that

where there are drugs, there are often firearms.

Defendant challenges Cook's reliance on Miller's statement, arguing that it was unreliable and self-serving. An officer may base reasonable suspicion on eyewitness information if it has sufficient indicia of reliability. *Navarette v. California*, 134 S. Ct. 1683, 1688 (2014). Although the government contends Miller's information was credible because it implicated her association with drug trafficking, *see United States v. Harris*, 403 U.S. 573, 583 (1971) ("Admissions of crime . . . carry their own indicia of credibility . . . ."), it was also self-serving, deflecting possession and control onto defendant, *see Wesley v. Campbell*, 779 F.3d 421, 430 (6th Cir. 2015) ("[T]he presumption of veracity applies only where the witness is someone with respect to whom there is *no* apparent reason to question the person's reliability." (quotation omitted)). Cook's preceding warning that Miller could face felony charges for any contraband found at the jail also hampered the reliability of her accusation.

Whatever the value of Miller's accusation in isolation, the totality of the circumstances supported Cook's reasonable suspicion that defendant may have possessed a firearm. Although nervousness is often inherent in traffic stops and thus alone an unreliable indicator of one's dangerousness, defendant appeared "real nervous." *Compare United States v. Noble*, 762 F.3d 509, 523 (6th Cir. 2014) ("Officer Ray did not testify that Noble became noticeably more nervous as the stop progressed."), *with United States v. Branch*, 537 F.3d 582, 589 (6th Cir. 2008) (reasonable suspicion where suspects "exhibit[ed] extraordinary nervousness that increased as the traffic stop progressed").

Moreover, defendant provided Cook with a false name and twice stumbled over his SSN, by which Cook could discover his real name. *See United States v. Moore*, 130 F. App'x 728, 734 (6th Cir. 2005) (suspect's provision of false name, among other facts, created reasonable suspicion). Although Cook did not characterize defendant's movements within the car as furtive, officers "must ensure that a suspect's arms and hands do not pose a safety risk," *United States v. Tillman*, 543 F. App'x 557, 561 (6th Cir. 2013), and "arm movements or the sound of an item being moved" may indicate "an attempt to conceal contraband or to reach for a weapon," *United States v. Caruthers*, 458 F.3d 459, 467 (6th Cir. 2006).

Lastly, Cook could draw from his experience and training to infer that Miller's alleged possession of drugs created a reasonable likelihood of the presence of a firearm. This court has repeatedly held that "officers who stop a person who is 'reasonably suspected of carrying drugs' are 'entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions,' and to take reasonable measures to protect themselves." *United States v. Jacob*, 377 F.3d 573, 579 (6th Cir. 2004) (quoting *United States v. Heath*, 259 F.3d 522, 530 (6th Cir. 2001)). The totality of the circumstances, including the alleged presence of heroin, gave Cook reasonable suspicion that defendant might be armed. Cook's pat down was therefore justified, and the district court rightly dismissed defendant's motion to suppress the cash thereby discovered.

### b. Co-conspirator Hearsay Testimony

As the district court found, Miller and Christopher's testimony as to out-of-court conspiratorial statements was not hearsay per FED. R. EVID. 801(d)(2)(E) (co-conspirator statements made during and in furtherance of conspiracy are not hearsay). *See United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999) (statements admissible where preponderance of the evidence shows a conspiracy existed, defendant was a party thereto, and co-conspirators' statements were made in furtherance thereof). Cook's testimony on Miller's statements during her arrest was not hearsay under Rule 801(c)(2), as her statement that defendant stuffed heroin down her pants was not used to prove the accusation, but to explain why Cook patted defendant down. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009) (statements offered to show "effect on the listener" not hearsay). Even if these statements were hearsay, they were harmless in light of Miller's corroborative testimony. *See United States v. Canon*, 141 F. App'x 398, 403 (6th Cir. 2005) (declarant's "testimony at trial was sufficient to cure any error in the admission of the out-of-court statements").

**AFFIRMED.**